UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

LAMOUNT AUSTIN,

    Plaintiff,

v.     1:16-cv-00058-KG-LF

EVERBANK and DOE UNKNOWN,

    Defendants,

and

FEDERAL NATIONAL MORTGAGE
ASSOCIATION d/b/a FANNIE MAE,

    Intervenor.

**ORDER ON MOTION TO STAY**

THIS MATTER is before the Court on intervenor Federal National Mortgage Association's ("Fannie Mae's") Motion to Stay Scheduling Order Deadlines and Discovery (Doc. 19).  *Pro se* plaintiff LaMount Austin filed a response on June 1, 2016 (Doc. 22), and Fannie Mae filed a reply on June 20, 2016 (Doc. 23).  The Court vacated the Rule 16 scheduling conference and all deadlines in the initial scheduling order, pending full briefing on the motion to stay.  *See* Doc. 20.  After reviewing the pleadings and relevant law, the Court finds good cause to delay entering a scheduling order and GRANTS the motion to stay.

Fannie Mae asks the Court to delay issuing a scheduling order until the Court rules on its Motion to Dismiss Plaintiff's Complaint (Doc. 18).  Doc. 23 at 4.  In its motion to dismiss, Fannie Mae challenges this Court's jurisdiction and urges dismissal pursuant to the *Colorado River* abstention doctrine, the *Rooker-Feldman* doctrine, *res judicata*, and lack of standing.  *See* Doc. 23.  Mr. Austin did not file a response to the motion to dismiss.

Fannie Mae argues that a stay is required to promote judicial economy and avoid costly discovery. Doc. 19 at 2. Mr. Austin's response to the motion to stay consists of one line: "it would unfairly burden and prejudice Plaintiff and unduly delay this proceeding." Doc. 22 at 1.

This Court has "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *see also Cole v. Ruidoso Municipal Schools*, 43 F.3d 1373, 1386 (10th Cir. 1994) ("discovery rulings are within the broad discretion of the trial court.") Deciding whether to stay a case "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936). "The proponent of a stay bears the burden of establishing its need." *Clinton*, 520 U.S. at 708 (internal citation omitted).

A stay of all discovery is generally disfavored. *Bustos v. United States*, 257 F.R.D. 617, 623 (D. Colo. 2009). However, courts have recognized that a stay of discovery may be appropriate while issues of jurisdiction are being resolved. *Gilbert v. Ferry*, 401 F.3d 411, 415–16 (6th Cir. 2005) (finding stay permissible pending ruling on a dispositive motion asserting a jurisdictional issue); *Vivid Techs., Inc. v. Am. Sci. & Eng'r, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved.").

This Court must issue a scheduling order as soon as practicable, unless the Court finds "good cause" for delay. FED. R. CIV. P. 16(b)(2). In considering whether to stay discovery or whether to enter a scheduling order and open discovery, other courts in this circuit have considered the following factors: "(1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and

(5) the public interest." *Chesser v. Dir. Fed. Bureau of Prisons*, 2016 WL 1170448, at *5 (D. Colo. 2016) (quoting *String Cheese Incident, LLC v. Stylus Shows, Inc.,* 2006 WL 894955, at *2 (D. Colo. 2006)); *see also Morgan v. Clements*, 2012 WL 3130768, at *2 (D. Colo. 2012).

Here, while Mr. Austin wants to proceed with discovery immediately, there is no evidence that the relatively short delay will burden or prejudice him.  In contrast, proceeding with discovery on claims which might be dismissed burdens both Fannie Mae and the Court.  Delaying a scheduling order is consistent with the cost-savings provisions of the Civil Justice Reform Act, 28 U.S.C. § 471 *et seq.,* and preserves judicial resources.[1]  *See Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, pending the determination of a dispositive motion 2 (D.D.C. 2001) ("A stay of discovery is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources.") (internal citation and quotation omitted).  Finally, the interests of any non-parties and the public interest do not alter the Court's conclusion.  Therefore, the Court finds good cause to delay issuing a scheduling order and GRANTS the motion to stay.

Therefore, IT IS ORDERED that Fannie Mae's Motion to Stay (Doc. 19) is GRANTED.  Discovery in this case is stayed pending ruling on Fannie Mae's Motion to Dismiss (Doc. 18).

_____
Laura Fashing
United States Magistrate Judge

---

[1] Delaying a scheduling order is also consistent with FED. R. CIV. P. 1, which instructs this Court to administer the rules to "secure the just, speedy, and inexpensive determination of every action and proceeding."